UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF NEW YORK MELLON,<br><br>Plaintiff(s),<br><br>v.<br><br>SOUTHERN HIGHLANDS COMMUITY ASSOCIATION, et al.,<br><br>Defendant(s). | Case No. 2:16-CV-1177 JCM (VCF)<br><br>ORDER |

Presently before the court is defendant Southern Highlands Community Association's (the "HOA") motion to dismiss. (ECF No. 43). Plaintiff Bank of New York Mellon ("BNYM") filed a response (ECF No. 49), to which the HOA replied (ECF No. 50).

Also before the court is defendant SFR Investments Pool 1, LLC's ("SFR") motion for partial summary judgment (ECF No. 51), in which the HOA joined (ECF No. 60). BNYM filed a response (ECF No. 65), to which SFR replied (ECF No. 67).

**I.    Facts**

This case involves a dispute over real property located at 11545 Cantina Terlano Place, Las Vegas, Nevada 89141 (the "property"). On August 11, 2005, Salma Khan obtained a loan in the amount of $838,150.00 to purchase the property, which was secured by a deed of trust recorded on October 10, 2005. (ECF No. 1).

The deed of trust was assigned to BNYM via an assignment of deed of trust recorded on December 23, 2009. (ECF No. 1).

**James C. Mahan**
**U.S. District Judge**

On January 27, 2011, defendant Alessi & Koenig, LLC ("A&K"), acting on behalf of the HOA, recorded a notice of delinquent assessment lien, stating an amount due of $895.02. (ECF No. 1).

On April 12, 2011, Khan recorded a loan modification agreement increasing the principal balance under the loan to $1,000,706.62. (ECF No. 1).

On April 20, 2011, A&K recorded a notice of default and election to sell to satisfy the delinquent assessment lien, stating an amount due of $2,161.47. (ECF No. 1). On September 8, 2011, A&K recorded a notice of trustee's sale, stating an amount due of $3,709.87. (ECF No. 1). On July 11, 2012, SFR purchased the property at the foreclosure sale for $9,200.00. (ECF No. 1). A trustee's deed upon sale in favor of SFR was recorded on July 24, 2012. (ECF No. 1).

On May 25, 2016, BNYM filed the underlying complaint. (ECF No. 1). On October 12, 2016, BNYM filed an amended complaint, alleging seven causes of action: (1) quiet title/declaratory judgment against all defendants; (2) breach of NRS 116.1113 against A&K and the HOA; (3) wrongful foreclosure against A&K and the HOA; (4) injunctive relief against SFR; (5) deceptive trade practices against A&K and the HOA; (6) judicial foreclosure against Khan; and (7) alternative claim for breach of contract against Khan. (ECF No. 12).[1]

On October 24, 2016, SFR filed an answer and counterclaim against BNYM for quiet title/declaratory relief and injunctive relief. (ECF No. 19).

In the instant motions, the HOA moves to dismiss BNYM's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 43), and SFR moves for partial summary judgment on an issue of law (ECF No. 51). The court will address each as it sees fit.

## II.     Legal Standards

### A.  Motion to Dismiss

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed

---

[1] BNYM voluntarily dismissed claim (7) against Khan. (*See* ECF No. 48).

factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

### B. Summary Judgment

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith*

*Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. Discussion

#### A. Motion to Dismiss

##### 1. *Claims (2) through (4)*

The court will dismiss, without prejudice, claims (2) and (3) of BNYM's amended complaint (ECF No. 12) for BNYM's failure to mediate pursuant to NRS 38.310. *See, e.g.*, Nev. Rev. Stat. § 38.310(1); *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555 (Nev. 2013). Subsection (1) of NRS 38.310 provides, in relevant part, as follows:

> No civil action based upon a claim relating to [t]he interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property . . . or [t]he procedures used for increasing, decreasing or imposing additional assessments upon residential property, may be commenced in any court in this State unless the action has been submitted to mediation.

Nev. Rev. Stat. § 38.310(1). Subsection (2) continues by stating that a "court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1." Nev. Rev. Stat.

§ 38.310(2). A "civil action" includes any actions for monetary damages or equitable relief. *See* Nev. Rev. Stat. § 38.300(3).

"A wrongful foreclosure claim challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, L.L.P.*, 310 P.3d at 559 (citing *Collins v. Union Fed. Sav. & Loan*, 662 P.2d 610, 623 (Nev. 1983)). "The material issue in a wrongful foreclosure claim is whether 'the trustor was in default when the power of sale was exercised.'" *Turbay v. Bank of Am., N.A.*, No. 2:12-CV-1367-JCM-PAL; 2013 WL 1145212, at *4 (quoting *Collins*, 662 P.2d at 623). "Deciding a wrongful foreclosure claim against a homeowners' association involves interpreting covenants, conditions or restrictions applicable to residential property." *McKnight Family, L.L.P.*, 310 P.3d at 559. "This type of interpretation falls under NRS 38.310." *Id.* Additionally, NRS 38.310 applies to laws "contain[ing] conditions and restrictions applicable to residential property." *Id.* at 558.

Similarly, BNYM's breach of NRS 116.1113 claim alleges a NRS violation, which requires an interpretation of the regulations and statutes that contained conditions and restrictions applicable to the property so as to fall within the scope of NRS 38.310.

Consequently, BNYM must first submit these claims to mediation before proceeding with a civil action. *See e.g.*, *U.S. Bank, N.A. v. Woodchase Condo. Homeowners Ass'n*, No. 215CV01153APGGWF, 2016 WL 1734085, at *2 (D. Nev. May 2, 2016); *Saticoy Bay, LLC Series 1702 Empire Mine v. Fed. Nat'l Mortg. Ass'n*, No. 214-cv-01975-KJD-NJK, 2015 WL 5709484, at *4 (D. Nev. Sept. 29, 2015).

Relatedly, NRS 38.350 expressly tolls the statute of limitations applicable to BNYM's claims that are subject to mediation under NRS 38.310. Specifically, NRS 38.350 provides that "[a]ny statute of limitations applicable to a claim described in NRS 38.310 is tolled from the time the claim is submitted to mediation . . . until the conclusion of mediation . . . of the claim and the period for vacating the award has expired." Nev. Rev. Stat. § 38.350. Therefore, BNYM's claims are not prejudiced by the statute's requirement that the parties participate in mediation prior to initiating an action in court.

Further, claim (4) of BNYM's amended complaint (ECF No. 12) and claim (2) of SFR's counterclaim (ECF No. 19) will be dismissed without prejudice because the court follows the well-settled rule in that a claim for "injunctive relief" standing alone is not a cause of action. *See, e.g.*, *In re Wal-Mart Wage & Hour Emp't Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007); *Tillman v. Quality Loan Serv. Corp.*, No. 2:12-CV-346 JCM RJJ, 2012 WL 1279939, at *3 (D. Nev. Apr. 13, 2012) (finding that "injunctive relief is a remedy, not an independent cause of action"); *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action.").

Accordingly, claims (2) through (4) of BNYM's amended complaint (ECF No. 12) and claim (2) of SFR's counterclaim (ECF No. 19) will be dismissed without prejudice.

### 2. *Claim (5)*

In its amended complaint, BNYM alleges a claim for deceptive trade practices against the HOA and A&K. (ECF No. 12). BNYM alleges that the HOA and A&K falsely represented the superpriority amount in the recorded notices, as well as pertinent information in the recorded trustee's deed upon sale, in violation of NRS 598.0915(15) and 598.092(8). (ECF No. 12 at 14).

Subsection (15) of NRS 598.0915 and subsection (8) of NRS 598.092 define deceptive trade practice as, when a person, in the course of his or her business or occupation: "[k]nowingly makes [a] false representation in a transaction," "[k]nowingly misrepresents the legal rights, obligations or remedies of a party to a transaction," or "[u]ses coercion, duress or intimidation in a transaction." *See* Nev. Rev. Stat. §§ 598.0915(15), 598.092(8). The Ninth Circuit has held that allegations of fraud must be pled with particularity as to the "time, place, and content of an alleged misrepresentation." *Yourish v. Cal. Amplifier,* 191 F.3d 939, 993 (9th Cir. 1999); *see also* Fed. R. Civ. P. 9(b).

Allegations of fraud are subject to a heightened pleading standard. *See* Fed. R. Civ. P. 9(b) ("[A] party must state with particularity the circumstances constituting fraud . . . ."). Rule 9(b) operates "to give defendants notice of the particular misconduct which is alleged," requiring plaintiffs to identify "the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993)

(citations omitted). "The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Id.* (citations omitted).

Here, BNYM's amended complaint has failed to plead its deceptive trade practices claim (claim 5) against the HOA and A&K with the requisite particularity. More specifically, BNYM fails to set forth sufficient facts detailing how the HOA and A&K falsely represented the amounts due in the recorded notices or otherwise. In fact, BNYM's allegations under the deceptive trade practices portion of the amended complaint contradict the general allegations—specifically, BNYM alleges under the deceptive trade practices section that the HOA and A&K falsely represented the superpriority amounts in the recorded notices (*see* ECF No. 12 at 14–15), but the general allegations state that the HOA and A&K failed to specify the superpriority portion in the recorded notices (*see* ECF No. 12 at 5–6).

Accordingly, the court will dismiss claim (5) of BNYM's amended complaint (ECF No. 12) without prejudice.

For the foregoing reasons, the court will grant the HOA's motion to dismiss (ECF No. 43) in part as it relates to claims (2) through (5) of BNYM's amended complaint (ECF No. 12), but deny the remainder of the motion. Specifically, the court will dismiss, without prejudice, claims (2) through (5) of BNYM's amended complaint (ECF No. 12), as well as claim (2) of SFR's counterclaim (ECF No. 19).

**B. Motion for Partial Summary Judgment**

In its motion, SFR moves for an order that "post-*Bourne Valley* [*Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016)], under the Return Doctrine, NRS Chapter 116's 'notice scheme' 'returns' to its 1991 version." (ECF No. 51).[2]

In essence, SFR requests that this court issue an advisory opinion, which Article III prohibits. *See, e.g.*, *Calderon v. Ashmus*, 523 U.S. 740, 745–46 (1998). Specifically, the United States Supreme Court has held, in relevant part, as follows:

---

[2] The "return doctrine" provides that an unconstitutional statute is no law and the previous constitutional version of the law is revived when it is struck down. *See, e.g.*, *We the People Nev. ex rel. Angle v. Miller*, 192 P.3d 1166, 1176 (Nev. 2008).

> [T]he Article III prohibition against advisory opinions reflects the complementary constitutional considerations expressed by the justiciability doctrine: Federal judicial power is limited to those disputes which confine federal courts to a rule consistent with a system of separated powers and which are traditionally thought to be capable of resolution through the judicial process.

*Flast v. Cohen*, 392 U.S. 83, 97 (1968).

Accordingly, the court will deny SFR's motion for partial summary judgment (ECF No. 51).

**IV. Conclusion**

Based on the aforementioned, the court will dismiss, without prejudice, claims (2) through (5) of BNYM's amended complaint (ECF No. 12), as well as claim (2) of SFR's counterclaim (ECF No. 19). Further, the court will deny SFR's motion for partial summary judgment (ECF No. 51) pursuant to Article III's prohibition against advisory opinions.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the HOA's motion to dismiss (ECF No. 43) be, and the same hereby is, GRANTED IN PART and DENIED IN PART consistent with the foregoing.

IT IS FURTHER ORDERED that SFR's motion for partial summary judgment (ECF No. 51) be, and the same hereby is, DENIED.

DATED July 3, 2017.

_____
UNITED STATES DISTRICT JUDGE